PER CURIAM.
Carroll White Puckett has taken and failed the Alabama Bar examination five times. He files this petition for a writ of mandamus ordering the Alabama State Bar to provide a hearing for review of his bar examination scores. Puckett argues that such a review is required to protect his right not to be deprived of property without due process of law, U.S. Const, amend. XIV. This exact argument has been rejected by the United States Courts of Appeals for the Eleventh Circuit and for the former Fifth Circuit. Jones v. Board of Comm’rs of the Alabama State Bar, 737 F.2d 996, reh. en banc den., 745 F.2d 72 (11th Cir.1984); Tyler v. Vickery, 517 F.2d 1089 (5th Cir.1975), cert. den., 426 U.S. 940, 96 S.Ct. 2660, 49 L.Ed.2d 393 (1976).
In Jones, the court held:
“As the district court in this case noted, the probability is staggeringly low that an examinee who received failing scores on the bar examination five different times was each time the victim of error. Thus, even with a five-time limitation, reexamination is a highly effective method of ensuring that mere mechanical error or arbitrary conduct is not responsible for an applicant’s failure.
“Furthermore, applicants to the Alabama bar are afforded additional protection against error and caprice. Rule VI 1(3), challenged here by appellants, permits examinees to review their own examination papers ‘for the purpose of ascertaining that grades were transcribed correctly.’ [Poats v. Givan, 651 F.2d 495, 499 (7th Cir.1981)]. [n. 12]
“Therefore, we hold that the rules applicable to the Alabama bar examination, limiting to five the number of times an applicant can sit for the bar examination and granting a limited right to review one’s own examination paper, afford applicants adequate due process protections against the possibility that their interests in practicing law will be limited or denied improperly.
“[n. 12] Rule VI 1(3) also allows examinees to review the three top papers written on the particular examination that they took. Thus, examinees are afforded the opportunity to detect their own substantive errors in their answers to the examination questions, as well as the possible mechanical errors of the examiner.”
737 F.2d at 1003.
The former Fifth Circuit held in Tyler that the opportunity to retake the examination is quicker than, and at least virtually as effective as, a hearing would be in correcting any mechanical or arbitrary grading error, and it held that such a right of re-examination is sufficient to protect an applicant’s right to due process. The Eleventh Circuit in Jones held the same to be true even with the limitation of five examinations.
Puckett has not advanced any argument that persuades us to decline to follow the above-cited federal court holdings.
WRIT DENIED.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.